WELLS, Justice.
We have for review a decision certifying the following question certified to be of great public importance:
WHEN A LITIGANT OBJECTS THAT AN OPPOSING PARTY SEEKS TO EXERCISE A PEREMPTORY CHALLENGE FOR CONSTITUTIONALLY IMPERMISSIBLE REASONS, WHO *1184 HAS THE BURDEN TO PROVE (OR DISPROVE) FACTS ON WHICH THE OBJECTOR RELIES?
Ratliff v. State, 666 So.2d 1008, 1015 (Fla. 1st DCA 1996). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
We recently clarified the guidelines for trial courts to use when confronting race-based objections to peremptory challenges. See Melbourne v. State, 679 So.2d 759 (Fla.1996). In Melbourne, we stated:
A party objecting to the other side’s use of a peremptory challenge on racial grounds must: a) make a timely objection on that basis, b) show that the venireper-son is a member of a distinct racial group, and c) request that the court ask the striking party its reason for the strike. If these initial requirements are met (step 1), the court must ask the proponent of the strike to explain the reason for the strike.
At this point, the burden of production shifts to the proponent of the strike to come forward with a race-neutral explanation (step 2). If the explanation is facially race-neutral and the court believes that, given all the circumstances surrounding the strike, the explanation is not a pretext, the strike will be sustained (step 3). The court’s focus in step 3 is not on the reasonableness of the explanation but rather its genuineness. Throughout this process, the burden of persuasion never leaves the opponent of the strike to prove purposeful racial discrimination.
Id. at 764 (footnotes omitted).
Accordingly, we approve the decision of the district court below.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, GRIMES, HARDING and ANSTEAD, JJ„ concur.